

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Chief Judge**       151 West Seventh Avenue, Suite 300       (541) 465-6802
Virginia H. Denney, Judicial Assistant              Post Office Box 1335                 FAX: (541) 465-6899
Howard J. Newman, Law Clerk                    Eugene, Oregon 97440

September 26, 2005

Mr. David B. Mills
Hammons & Mills
115 West 8th Avenue, #280
Eugene, OR 97401

Mr. Michael Spencer
419 Main Street
Klamath Falls, OR 97601

RE:   JONES Glenn Eric; Case No. 604-69319-aer7
      BOYD, Gertrude Georgianna; Case No. 604-69320-aer7
      Trustee's Objection to Claimed Exemptions

Counsel:

   This letter is intended to announce my findings of fact and conclusions of law on the Trustee's objection to the debtors' claimed exemptions in the above-referenced cases.

   Facts:

   Debtors Glenn Jones and Gertrude Boyd each filed individual Chapter 7 petitions on November 29, 2004. Debtors are not married, however they live in the same household. On her Schedule F, Boyd listed five (5) unsecured debts, totaling $23,036.50 Jones also listed those five (5) debts on his Schedule F, in identical amounts. In addition, he listed $19,710.15 in other unsecured debts.

   On their schedules, debtors listed the same real property in Keno, Oregon as jointly owned, each one valued their interest in the property at $19,235, and claimed all of such value exempt under the "mobile home with real property" exemption of ORS 18.428. They also each claimed under the same statute, $3,765 exempt in a Fleetwood mobile home, which they scheduled as jointly owned, with each's share valued at $6,335.00.

   Discussion:

   The relevant statue is ORS 18.428(1), which provides in relevant part as follows:

> A mobile home, and the property upon which the mobile home is situated, that is the actual abode of and occupied by the owner, or the owner's spouse, parent or child, when that mobile home is occupied as a sole residence and no other homestead exemption exists, shall be exempt from execution and from liability in any form for the debts of the owner to the value of $23,000, except as otherwise provided by law. When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section may not exceed $30,000.

As noted, the statute imposes a limit of $30,000 to members of the same household, "whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form." Debtors do not deny they are members of the same household. Rather, they argue the statute should be interpreted so that the $30,000 limitation applies only to joint debt, and that as to claims solely against one of them, each would be entitled to claim the $23,000 exemption.[1]

Trustee responds by noting there are joint debts here, whose effect, even under debtors' interpretation, would be to limit the combined exemption to $30,000. She further argues that even assuming debtors had entirely separate creditors, their argument fails based on the statute's language, (in particular, the "liability in any form" clause), legislative history,[2] and the powers bestowed upon a bankruptcy trustee under § 544. Trustee concludes that debtors should split the $30,000 exemption limit evenly.

Although not cited by either party, twenty-five (25) years ago, Judge Sullivan of this court addressed the question at bar in In Re Warner, Case # 380-00477 (Bankr. D. Or. July 10, 1980)(Sullivan, J.) (unpublished), and rejected debtors' argument. The court relied on the "liability in any form" language of the statute.

---

[1] As to how this would work in practical terms, Debtors argued at the March 29, 2005 hearing that each debtor should start by receiving a $23,000 exemption, for a total of $46,000 exempt. Then the joint debt should be subtracted from this amount. Debtors argued at hearing that there is only $6,760 in joint debt. Deducting same from $46,000, gives a total $39,240 exemption, which presumably would be evenly split between the debtors ($19,620 each). However, this matter has been submitted on the record. That record indicates $23,036.50 in joint debt, not $6,760 as represented by debtors' counsel. No amended schedules have been filed. Thus under debtors' theory, on the record before me, the $23,036.50 in joint debt would be deducted from $46,000, leaving $22,963.50, to be split evenly ($11,481.75) for each debtor. This is less than Trustee's position that the $30,000 joint exemption should be evenly split. This "deduct the joint debt" argument appears to have been abandoned in debtors' post-hearing brief.

[2] See, In Re Meyers, Case # 698-63466-aer7 (Bankr. D. Or. January 21, 1999) (Radcliffe, J.) (unpublished), for a discussion of the legislative history of Oregon's homestead exemption ( ORS 23.240(1), renumbered ORS 18.395(1)), the pertinent language of which is identical to that in ORS 18.428(1), currently at bar.

> Only in bankruptcy would liability without a judgment or execution have any relevancy to exemptions. Consequently the Oregon legislature necessarily intended this broad language to impose the $12,000[3] limitation on the combined homestead exemptions claimed in bankruptcy by members of the same household.

Id. at 3 (footnote added).

The court went on to note:

> Both the debtor and the trustee urge opposite conclusions based on the premise that Oregon's limitation can only be applied to joint and several debts. The parties assert that the presence of sole or of joint and several debts either requires or bars the imposition of Oregon's limitation.
>
> This approach, besides producing a stand-off, is wrong for several reasons. It ignores the broadness of the language "liability in any form" which statutorily expands rather than restricts the kind of indebtedness which may support the limitation. It improperly ignores other more reasonable interpretation of the statute and reads into the other two other alternatives supporting the limitation the requirement that the interests of the debtors be subject to sale on the same execution or the lien of the same judgment. It ignores the ease with which cases may be consolidated under the Bankruptcy Code and unfairly asserts without authority, that a right is indirectly created by implication because ORS 23.168[4] and Oregon Civil Procedure arguably do not provide any express procedure to enforce the limitation against householders in various situations outside of bankruptcy. Finally, this approach ignores 11 U.S.C. § 522(c), which by discharging exempt property of any prior debt appears to preclude the use by either party of the presence of prior joint or separate debts as a weapon for or against the claim of exemptions.
>
> There may be instances when the $12,000 limitation in ORS 23.240(1) cannot be imposed in every otherwise applicable case because of procedural or constitutional reasons. The potential for such exceptional cases should not by a process of pyramiding inferences cause the rejection of the intent expressed on ORS 23.240(1) and the virtual repeal of the limitation in the ordinary bankruptcy case.

---

[3] Now $33,000. See ORS 18.395(1).

[4] Now, ORS 18.322.

Id. at 3-4 (footnote added).

      Although Warner involved a husband and wife filing a joint petition (as opposed to separate petitions by unmarried partners, as here), the court's reasoning is nonetheless on all fours as to the arguments being advanced here, and I will follow it.[5]

      The trustee's objection is therefore sustained. A separate order will be entered.

      Very truly yours,

      *albert E. Radcliffe*

      ALBERT E. RADCLIFFE
      Chief Bankruptcy Judge

AER:vhd

---

[5] Like Meyers, supra, Warner involved interpretation of former ORS 23.240(1). However, as noted in f.n. #2, its operative language is identical to that of ORS 18.428(1) currently at bar. Also, Warner was issued before Oregon opted-out of the federal exemption scheme (the opt- out statute is ORS 18.300- formerly ORS 23.305). Therefore, a portion of the opinion discusses the interplay between federal and state exemptions as to joint debtors. That discussion is not relevant to the issues at bar.